**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

CENTURA HEALTH CORPORATION d/b/a COLORADO SPORTS AND SPINE CENTERS

Defendant.

## **COMPLAINT AND JURY TRIAL DEMAND**

## **NATURE OF THE ACTION**

This action arises under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of disability and to provide appropriate relief to Kristina Siebert ("Siebert"), who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") alleges that Centura Health Corporation, d/b/a Colorado Sports and Spine Centers ("Defendant"), unlawfully terminated Siebert because of her disability, hearing impaired, after she requested reasonable accommodations. Furthermore, the Commission alleges Defendant was aware of Siebert's disability, failed to provide reasonable accommodations for her medical conditions, retaliated against Seibert, and interfered with her rights under the ADA by terminating her employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(A).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Colorado and the City of Colorado Springs. At all relevant times, Defendant has employed at least fifteen (15) employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §12111(7),

which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 200e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## GENERAL ALLEGATIONS

7. More than thirty days prior to the institution of this lawsuit, Siebert filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least June 3, 2003, Defendant has engaged in unlawful employment practices, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a), and 42 U.S.C. § 12203.

10. Siebert is hearing impaired and is substantially limited in the major life activity of hearing.

11. Defendant, part of Centura Health Corporation, provides inpatient and outpatient rehabilitation services in Colorado.

12. Siebert was hired as a Rehabilitation Technician on April 17, 2003.

13. Siebert disclosed her disability verbally and in writing to an employee health nurse for Defendant when she was hired.

14. The nurse advised Siebert that she did not think her disability would interfere with her job, and Siebert was cleared to start her new job on April 21, 2003.

15. On May 6, 2003, Siebert requested reasonable accommodations for her disability. Specifically, she advised Suzie Stoke, the Physical Therapist with whom she worked, that she needed a timer that she could carry with her because she could not hear the equipment alarms.

16. Siebert also asked Stoke to ensure she was facing her when she spoke so she could read her lips, and to provide her with written instruction and checklists to avoid misunderstandings and miscommunications.

17. On June 3, 2003, Siebert met with Manager Deb Gillis. At that time, Siebert advised Gillis that she had discussed her disability with Stoke and did not feel as though adequate steps were being taken to accommodate her.

18. That same day, Gillis placed Siebert on administrative leave pending a medical examination and receipt of her hearing aids.

19. Siebert contacted Gillis on June 9, 2003, and advised her that she received her hearing aids, but would have an "adjustment period" for up to six months.

20. Siebert was terminated on June 10, 2003.

21. Defendant denied Siebert's request that she be permitted to have a "fit-for-duty" evaluation so as to have a medical professional determine whether she could perform her job.

## FIRST CLAIM FOR RELIEF

[Wrongful Discharge, §102(a)]

22. Plaintiff realleges the foregoing paragraphs of this complaint.

23. Siebert is disabled as defined in the ADA. 42 U.S.C. § 12102(2)(A).

24. Siebert is able, with or without reasonable accommodation, to perform the essential functions of a Rehabilitation Technician.

25. Defendant terminated Siebert because of her disability.

26. The effect of the practices complained of in the paragraphs above, has been to deprive Siebert of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

27. The unlawful employment practices complained of in the paragraphs above, were intentional.

28. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federal protected rights of Siebert.

## SECOND CLAIM FOR RELIEF

[Failure to Reasonably Accommodate, §§ 102(5)(A) and 101(9)]

29. Plaintiff realleges the foregoing paragraphs of this complaint.

30. Plaintiff asserts that Siebert was capable of performing the essential functions of a Rehabilitation Technician with accommodation.

31. Defendant failed to reasonably accommodate her by refusing to engage in the interactive process required by the ADA in order to determine her reasonable accommodation needs.

32. The effect of the practices complained of in the paragraphs above, has been to deprive Siebert of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

33. The unlawful employment practices complained of in the paragraphs above, were intentional.

34. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federal protected rights of Siebert.

## THIRD CLAIM FOR RELIEF

[Prohibition Against Retaliation and Coercion - Interference, 42 U.S.C. § 12203]

35. Plaintiff realleges the foregoing paragraphs of this complaint.

36. Plaintiff asserts that Seibert had engaged in protected activities—requesting

accommodations, and later requesting a meeting to discuss the lack of and/or inadequacies of the accommodations.

37. Plaintiff asserts that, after Seibert engaged in these protected activities, Defendant terminated her employment.

38. The effect of the practices complained of in the paragraphs above, has been to deprive Siebert of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

39. The unlawful employment practices complained of in the paragraphs above, were intentional.

40. The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federal protected rights of Siebert.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Siebert by providing appropriate backpay with prejudgment interest, compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful-place reinstatement or front pay where

appropriate, job search expenses and any medical expenses not covered by the Employer's employee benefit plan, in amounts to be determined at trial.

  D. Order Defendant to make whole Siebert by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  E. Order Defendant to pay Siebert punitive damages for its malicious and reckless conduct described in the paragraphs above, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper.

  G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this _____ day of September, 2005.

        Respectfully Submitted,

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
        1801 L Street, N.W.
        Washington, DC   20507

        JOSEPH H. MITCHELL
        Regional Attorney

        NANCY A. WEEKS
        Supervisory Trial Attorney

/s/ Anjuli Kelotra
ANJULI KELOTRA
Trial Attorney

RITA BYRNES KITTLE
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Denver District Office
303 East 17th Avenue, Suite 510
Denver, CO   80203
(303) 866-1347
FAX (303) 866-1375

NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court documents be served on the Trial Attorneys.  Duplicate service is not required on the Deputy General Counsel in Washington, D.C.