IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01826-WDM-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

and

KRISTINA A. SIEBERT,

    Intervenor-Plaintiff,

v.

CENTURA HEALTH CORPORATION,

    Defendant.

---

**ORDER REGARDING DEFENDANT'S MOTION FOR PROTECTIVE ORDER
(DOCKET NO. 47)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on the Defendant's Motion for Protective Order (docket no. 47). The court has reviewed the motion and response (docket no.53). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendant seeks a protective order from Plaintiff's Amended Notice of Corporation Deposition pursuant to Fed. R. Civ. P. 30(b)(6) and requests that this court

2

enter a protective order not allowing a Rule 30(b)(6) deposition in those areas listed below since such deposition would be futile because there is no officer, director, managing agent, or person who could testify on behalf of Defendant concerning the matters which were the subject of Plaintiff's Amended Notice listed in more detail below.

In support of the subject motion, Defendant first argues that as to the Amended Notice in paragraphs a, d, e, f, g, and h, they do not have a corporate employee who can respond to these inquires.  Defendant states that Stephanie Padilla was the individual responsible for all relevant policies, procedures, and practices, all training and materials, and the handling of the EEOC investigation, but Ms. Padilla no longer works for Defendant, and her position has not been filled.  As to paragraphs b and c in the Amended Notice, Defendant argues that Plaintiff and Plaintiff-Intervenor have already deposed all individuals with knowledge of facts identified in those paragraphs, and there is no other officer, director, managing agent, or person who has knowledge of and can testify on behalf of Defendant regarding those matters.  As to paragraphs i and j in the Amended Notice, Defendant argues that Defendant's counsel, Melvin Sabey, conducted an investigation relating to discovery responses and had communications with potential witnesses in this case, and therefore Mr. Sabey would not be subject to deposition under attorney-client privilege and attorney work product privilege.  As to paragraph k in the Amended Notice, Defendant argues that filings in connection with Ms. Siebert's unemployment benefit claim were made by Employers Unity, a company with which Defendant no longer has any contractual relationship, and

3

Mr. Sabey's efforts to find an officer, director, managing agent, or other person with knowledge regarding those filings who could testify on behalf of Defendant have been unavailing.

This court finds that Defendant has an "affirmative duty" to produce a representative who can answer questions that are within the scope of the matters described above on behalf of the Defendant corporation.  See Fed. R. Civ. P. 30(b)(6); Starlight Int'l, Inc., v. Herlihy, 186 F.R.D. 626, 638-40 (D. Kan. 1999).  In cases of past employees, like Ms. Padilla, courts have imposed an obligation for an entity's designee to confer with past employees or "other sources."  See United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996), aff'd., 166 F.R.D. 367 (M.D.N.C. 1996).  The court further finds in reviewing the Amended Notice, such notice does not appear to request information protected by privilege or information interfering with its underlying purpose.  Moreover, nothing prevents Defendant from objecting on privilege grounds during such Fed. R. Civ. P. 30(b)(6) deposition or depositions depending upon the number of representatives designated to answer to those areas of inquiry as outlined in the Amended Notice.  Lastly, the court finds that Defendant's argument that some of the information which is being requested in the Amended Notice has already been testified to by others is without merit since the Defendant corporation has not adopted those deposition answers by other deponents by stipulation or otherwise.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

4

1. That Defendant's Motion for Protective Order (docket no. 47) is **DENIED**.

2. That Defendant shall designate its Rule 30(b)(6) witness or witnesses for those areas as outlined in the Amended Notice within 10 days from the date of this Order.

3. That the parties shall meet and confer within 10 days from the date of this Order and set the Rule 30(b)(6) deposition(s).

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 7th day of November 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge