**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:05-cv-01826-WDM-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

and

KRISTINA SIEBERT,

        Plaintiff-Intervenor,

    v.

CENTURA HEALTH CORPORATION d/b/a Colorado Sports and Spine Center,

        Defendant.

**CONSENT DECREE**

**I. RECITALS**

**1.** This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, Centura Health Corporation, d/b/a Colorado Sports and Spine Center ("Centura Health"), unlawfully terminated Kristina Siebert because of her disability, hearing impaired, after she requested reasonable accommodations. Furthermore, the Commission alleges Defendant was aware of Siebert's disability, failed to provide reasonable accommodations for her medical conditions, retaliated against Siebert, and interfered with her rights under the Americans with Disabilities Act ("ADA") by terminating her employment.

**2.** The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

**3.** This Decree is final and binding upon the Parties as to the issues resolved, as well as

1

upon their successors and assigns.

**4.** The Parties agree that this Consent Decree fairly resolves the issues alleged in this lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the Americans with Disabilities Act that arise from charge of discrimination no. 320-2003-01384 filed by Kristina Siebert.

**5.** For the purpose of amicably resolving disputed claims, the Defendant joins with the Commission and Intervenor in requesting this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II. JURISDICTION

**6.** The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

**7.** The duration of this Decree shall be two (2) years from the date of signing by the Court.

## III. ISSUES RESOLVED

**8.** This Decree resolves all claims for damages arising out of the issues and claims set forth in Civil Action No. 1:05-cv-01826-WDM-MJW.

**9.** Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

**10.** To resolve these claims, Defendant shall pay a total of $137,500.00. Defendant shall pay a total of $90,142.22 of this settlement amount to Kristina Siebert no later than ten (10) days from the Court's entry of the Consent Decree. Of the $90,142.22 total, $4,000 is designated backpay and $86,142.22 is designated compensatory damages. The check shall be made payable to Kristina Siebert and mailed to her counsel, Dale A. Gaar, Esq. Within three (3) business days of the issuance of the payment, Defendant shall submit a copy of the check and all related correspondence to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central

Avenue, Suite 690, Phoenix, Arizona 85012. Defendant will not condition the receipt of individual relief on Kristina Siebert's agreement to (a) maintain as confidential the terms of this decree, (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive her right to apply for a position with the Defendant. Defendant shall pay $47,357.78 of the settlement amount to the law firm of Dale Gaar, P.C. for attorney's fees by cashier's check or money order no later than ten (10) days from the Court's entry of the Consent Decree.

11. Defendant shall provide a written apology to Siebert no later than ten (10) days from the Court's entry of the Consent Decree, attached at Attachment B.

12. Defendant shall provide Siebert a written recommendation for employment, acceptable to EEOC and Intervenor's counsel, which is attached as Attachment C.

### IV. EQUITABLE RELIEF

#### A. Scope

13. The terms of this Decree shall apply to Colorado Sport and Spine except as expressly provided in Section E ("Training"), Section G ("Record Keeping and Reporting Provisions").

#### B. Injunctive Relief

14. During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of disability.

15. During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, or the Equal Pay Act, because of such person's filing a charge, testifying or participating in any manner in any investigation, proceeding or hearing under any of these statutes, because such person was identified

as a witness or possible witness for the Commission, because such person participated in any manner in this action or in the investigation giving rise to this action, because such person requested accommodation for a disability, or because such person is designated as an aggrieved individual under this Decree.

### C. Anti-discrimination Policy

**16.** Centura has adopted and will maintain a policy proscribing discrimination based on disability, and proscribing retaliation against any employee who complains about discrimination, requests accommodation for a disability, or who files a charge of discrimination alleging disability discrimination ("Anti-Discrimination Policy"). Defendant shall post and keep posted for the duration of this Decree, in a conspicuous place in each of its facilities, where notices to employees and applicants for employment are customarily kept or posted, a copy of the Anti-Discrimination Policy. Within thirty (30) days of entry of this Decree, Defendant shall provide a copy of the Anti-Discrimination Policy to all employees, and will provide the policy to newly hired employees within ten (10) days of their hire. Within forty-five (45) days of entry of this Decree, Defendant shall forward a copy of the Anti-Discrimination Policy to the Commission and a letter indicating that the Anti-Discrimination Policy has been posted and distributed. This provision shall not be construed to mean the EEOC has reviewed, approved of, or accepted the validity or sufficiency of Defendants' policies, or otherwise waived any right or obligation to investigate and/or litigate any alleged adverse effects of said policies upon equal employment opportunities.

### D. Reasonable Accommodation Guidance

**17.** Centura has adopted and will maintain a written policy that will address how reasonable accommodation will be provided, by request or otherwise, during the hiring process and in the course of employment. As to all managers who in any way participate in the hiring process or who in any way have responsibilities for accepting or processing requests for reasonable accommodation, the policy must set forth the role of each manager under the hiring process or under the process for

considering reasonable accommodations for employees. The policy must provide guidance on how to determine what is a reasonable accommodation, including mandatory participation in the interactive process with the applicant/employee. This provision shall not be construed to mean the EEOC has reviewed, approved of, or accepted the validity or sufficiency of Defendants' policies, or otherwise waived any right or obligation to investigate and/or litigate any alleged adverse effects of said policies upon equal employment opportunities.

The policy must be distributed to all employees in accordance with the Anti-Discrimination Policy in Paragraph 16. Within forty-five (45) days of entry of this Decree, Defendant shall forward a copy of the Reasonable Accommodation Guidance to the Commission and a letter indicating that the policy has been distributed.

In the semi-annual reports required under the Reporting provisions of this Decree at Section IV.G., Defendant shall provide recertification of its use of formal procedures, distributed to managers, employees and applicants, to process reasonable accommodation requests. In the semi-annual reports to the EEOC, Defendant shall provide a narrative description of how the policy is functioning with specific identification of what requests were granted or denied.

### E. Training

**18. Training for All Centura Employees:** Defendant Centura Health Corporation has developed a schedule and curriculum for providing annual EEO training to non-supervisory, supervisory, and Human Resource employees. The level of training provided varies among these three categories of employees. For the duration of this Decree, Defendant Centura will continue with its existing schedule and curriculum for providing annual EEO training for employees. Training provided under this Paragraph 18 will include the following (a) employee notification of the Defendant's policy and procedures for registering complaints of discrimination; (b) a discussion of the penalties for engaging in discriminatory behavior; (c) a discussion of Defendant's non-retaliation policy, and the penalties for violation of the policy; and (d) a discussion of the

Defendant's procedures for providing reasonable accommodation. All training under this Paragraph 18 shall be at Defendant's selection and expense.

**19.** **Training at Colorado Sport and Spine and Penrose Hospital:** Beginning in May 2008, and annually thereafter, Defendant shall conduct annual training for all Colorado Sport and Spine employees and for Human Resource employees at Penrose Hospital, as set forth below. Training provided under this Paragraph 19 will include the following (a) employee notification of the Defendant's policy and procedures for registering complaints of discrimination; (b) a discussion of the penalties for engaging in discriminatory behavior; (c) a discussion of Defendant's non-retaliation policy, and the penalties for violation of the policy; and (d) a discussion of the Defendant's procedures for providing reasonable accommodation. All training under this Paragraph 19 shall be at Defendant's selection and expense. The training will be conducted as follows:

**19.1** **Non-managerial Employees**

Defendant will require non-managerial employees at Colorado Sport and Spine to attend two (2) hours of training per year regarding workplace discrimination, with emphasis on disability discrimination, reasonable accommodation, and retaliation. Additionally, Defendant will require new employees at Colorado Sport and Spine to complete the requisite two (2) hours of training, within thirty (30) days of being hired.

**19.2** **Managerial and Supervisory Employees**

Defendant will require all individuals who work in a managerial or supervisory capacity, or who have hiring authority at Colorado Sport and Spine, to receive at least four (4) hours of training annually regarding Title VII and other federal anti-discrimination laws. Two (2) of the four (4) hours must directly address disability discrimination, reasonable accommodation, and retaliation. Additionally, Defendant will require employees newly hired or promoted into a managerial or supervisory position at Colorado Sport and Spine to complete the requisite four (4) hours of training within sixty (60) days of being hired or promoted.

### 19.3 Human Resource Employees

Defendant will require all individuals who work in a human resource capacity at Colorado Sport and Spine and Penrose Hospital to receive at least eight (8) hours of training annually regarding Title VII and other federal anti-discrimination laws. Three (3) of the eight (8) hours must directly address disability discrimination, reasonable accommodation, and retaliation. Additionally, Defendant will require employees newly hired or promoted into a human resource position at Colorado Sport and Spine or Penrose Hospital to complete four (4) hours of general EEO training within sixty (60) days of being hired or promoted into a human resource position.

**20.** Defendant agrees that the first such training session for each employee group identified in Paragraph 19 above, will take place within ninety (90) days after entry of this Decree. Defendant agrees that all personnel shall both register and attend the seminar training sessions. In the semi-annual reports required under the Reporting provisions of this Decree, Defendant shall submit copies of the agenda of the training programs, identify the individuals providing the training, and provide the registries of attendance.

**21.** The Commission, at its discretion, may designate one or more Commission representatives to attend any of the seminar-training sessions described above, and the Commission representative(s) shall have the right to attend, observe, and fully participate in all of the sessions. Defendant shall provide the Commission with thirty (30) days' notice that a seminar-training session will be conducted.

### F. Posting of Notice

**22.** Within five (5) business days of the entry of this Consent Decree, Defendant shall post in a conspicuous place in each of its facilities where notices to employees and applicants for employment are customarily kept or posted, the Notice attached at Attachment A to this Decree. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provision of this Consent Decree.

### G. Record Keeping and Reporting Provisions

**23.** The provisions of this Section G, Record Keeping and Reporting Provisions, will apply to Colorado Sport and Spine and Penrose Hospital.

**24.** For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree.

**25.** The Commission shall have the right to interview any personnel employed by Defendant for the purpose of determining Defendant's compliance with the terms of this Consent Decree. In the event the Commission exercises its right to interview personnel pursuant to this Paragraph 25, said interviews shall be scheduled with due regard to the convenience of the individual to be interviewed.

**26.** Each party shall bear its own costs in conjunction with the maintenance of records, preparation of any report, access or copying of records, or interviews of employees.

**27.** Defendant shall provide semi-annual reports for each six-month period following the entry of the Decree. The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission two weeks prior to the date on which the Consent Decree is to expire.

**28.** Each report shall provide the following information:

**28.1 Complaints of Disability Discrimination**

**28.1.1** For purposes of this Paragraph 28.1, the term "complaint of disability discrimination" will include any written or verbal complaint which alleges discrimination based on disability or perceived disability, or alleges conduct which the Defendant recognizes as presenting an allegation of disability discrimination. For example, an employee may complain that he was denied an accommodation or denied promotion because of disability, or that co-workers called him "gimp" and teased him about his disability. These are "complaints of discrimination" even though the employee does not expressly allege discrimination.

**28.1.2** The name, address and telephone number of each person making a complaint of disability discrimination to Defendant or to any federal, state or local government agency.

**28.1.3** A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached.

**28.1.4** Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**28.2 Reasonable Accommodation Procedures and Results**

**28.2.1** The name, address and telephone number of each person making a request for accommodation to the Defendant.

**28.2.2** A brief summary of each request for accommodation, including the date of the request, the person or persons to whom the request was made, the person

or persons responsible for responding to the request, any effort to engage in the interactive process with the person requesting accommodation, what accommodation was requested, whether the request was granted and if not, an explanation of the reasons for denying the request, whether an accommodation was provided and if so, what accommodation was provided, and an explanation of the reasons for providing the accommodation.

    **28.2.3** Copies of all documents memorializing or referring to the request for accommodation, investigation, and/or resolution thereof.

**28.3** **Training**

    **28.3.1** For each training program required under Paragraph 19, and conducted during the reporting period, Defendant shall submit a registry of attendance.

    **28.3.2** For each training program required under Paragraph 18.3 (human resource personnel training), and completed during the reporting period, Defendant shall provide a certificate of completion.

    **28.3.3** For each training program conducted by Defendant's staff, Defendant will provide the following information: (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainer(s); (c) the name of each training and a summary of his or her qualifications.

    **28.3.4** For each training program conducted by a vendor not affiliated with Defendant, Defendant will identify the vendor and provide a copy of the program agenda.

**28.4** **Posting of Notice:** Defendant shall re-certify to the Commission, that the Notice required to be posted under Section IV. F. of this Consent Decree has been properly posted or, if removed, was promptly replaced, during the duration of the reporting period.

## V. RETENTION OF JURISDICTION AND FILING OF DECREE

**29.** This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees. Upon submission of the final report referenced in Paragraph 27, and the expiration of a period of thirty (30) days after submission of said report, within which the Commission has not filed an objection thereto, the Commission and Defendant shall promptly file a Joint Stipulation for Dismissal with Prejudice ("Joint Stipulation") of this civil action, upon which filing this Decree shall automatically dissolve, and this Civil Action shall be dismissed with prejudice. If the Commission files an objection to the final report within said 30-day period, the Parties will file the Joint Stipulation promptly after the Court's resolution of the Commission's objection.

## VI. ENFORCEMENT

**30.** There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns may enforce compliance herewith.

**31.** Enforcement may be had by the Commission petitioning the Court for enforcement of the terms of this Decree.

## VII. EEOC AUTHORITY

**32.** With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## VIII. COSTS AND ATTORNEY'S FEES

**33.** Each party shall be responsible for and shall pay its own costs and attorneys' fees except to the extent referenced in Paragraph 10 above.

## IX. NOTICE

**34.** Unless otherwise indicated, any notice, report or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

> Rita Byrnes Kittle,
> Acting Supervisory Trial Attorney
> Denver Field Office
> Equal Employment Opportunity Commission
> 303 E. 17th Avenue, Suite 510
> Denver, CO  80202
>
> Michelle Lucero, Esq.
> Centura Health Corporation
> 188 Inverness Drive West, Suite 500
> Englewood, CO  80112

It is further ordered that this case is administratively closed in accordance with D.C.COLO.LCivR 41.2, subject to reopening for good cause.  If the parties do not file a stipulation for dismissal with prejudice or a motion to reopen this case for good cause on or before April 28, 2010, this case shall be automatically dismissed without prejudice.

DATED at Denver, Colorado, on April 29, 2008.

BY THE COURT:


s/ Walker D. Miller

United States District Judge

# ATTACHMENT A

## **NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in <u>EEOC and Siebert v. Centura Health d/b/a Colorado Sports and Spine Center</u>, filed in the United States District Court for the District of Colorado, Civil Action No. 1:05-cv-01826-WDM-MJW.

Management of Centura Health wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices. Centura Health seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to Americans with Disabilities Act, it is unlawful for an employer to discriminate based upon the disability or perceived disability of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Centura Health respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Centura Health reaffirms its commitment to complying with the strictures of the ADA, in that it is our policy to prohibit all discrimination in based on disability.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000 or the Colorado Civil Rights Division at 303-894-2997. In compliance with federal law, no official at Centura Health will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of five years.

Centura Health

By:_____    _____
                                                                       Date

PDF FINAL

**ATTACHMENT B**

[company letterhead]

Kristina Siebert
12589 Catch Pen Rd.
Peyton, CO 80831

Dear Ms. Siebert:

      On behalf of Centura Health's Colorado Sport and Spine and Penrose-St. Francis please accept my apology for the manner in which our staff handled issues relating to your hearing impairment and the termination of your employment in June of 2003.

      We have policies that require that employees with disabilities receive reasonable accommodations in order to allow them to perform the essential functions of their employment. Our policies require that we engage in an interactive process with an employee with a disability to determine how the employee's work performance is affected by any disability and what accommodations are appropriate.

We apologize to you for any inconvenience this has caused you. It is our intent to fully comply with the ADA and to continue to educate our staff and associates to be better prepared to facilitate these types of situations successfully in the future.

Sincerely,

_____

**ATTACHMENT C**

[company letterhead]

To Whom it may concern:

Tina Siebert was employed by Colorado Sport and Spine as a rehabilitation technician from April 16, 2003 to June 10, 2003. Colorado Sport and Spine is part of the Centura and Penrose-St. Francis health care system.

Rehab Technicians at Colorado Sport and Spine are responsible for direct and indirect patient care duties under the direct supervision of a physical therapist. Duties include a combination of direct patient contact activities and support services such as scheduling, filing, stocking supplies, tracking data, equipment maintenance, cleaning, treatment set-up and take-down. The Rehab Tech helps to ensure smooth and efficient treatment of patients under a therapist's guidance and participates in program development.

Ms. Siebert's rate of pay in the position was $9.50 per hour. Ms. Siebert is eligible for rehire.

Sincerely,
/s/
Human Resources